**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UFM REALTY CORPORATION,

    Plaintiff,

v.

RASHAWNDA MATTHEWS,

    Defendant.

Case No. 1:21-cv-150

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

The above captioned case was removed to this Court by pro se Defendant Rashawnda Matthews[1] (Doc. 1). Defendant seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. This matter is now before the Court for a *sua sponte* review of the Defendant's "Notice of Removal," (Doc. 1-3), which has been construed as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3). In addition to her petition for removal, Defendant has filed a motion seeking "an Ex Parte Temporary Restraining Order." (Doc. 2).

For the reasons that follow, the undersigned now recommends that this action be **DISMISSED** for lack of jurisdiction, and that Defendant's *in forma pauperis* application and her motion seeking a temporary restraining order be denied.

    **I.**     **Background**

The removal petition reflects that Defendant was named in a civil eviction

---

[1] The docket of this Court reflects a misspelling of Plaintiff's first name as "Rashawada."  In her Notice of Removal, Plaintiff spells her first name as "Ra Shawnda" but in other documents she uses the spelling "Rashawnda." (Compare Doc. 1-3 at 19 with *id.* at 21).

proceeding filed on February 9, 2021 in the Middletown Municipal Court in Middletown, Ohio, in which Plaintiff alleges that Defendant Matthews has failed to comply with her month-to-month lease agreement. Case No. 21-cv-600235. (Doc. 1-4). Removal to this Court by Defendant appears to have been improperly attempted for the sole purpose of preventing the eviction proceeding from continuing to proceed in state court.

In her 28-page "Notice of Removal," (Doc. 1-3), Defendant alleges a number of facts to support various grounds for the removal of this case to federal court, including that Plaintiff is operating under "a fictitious name…and does not exist in the state of Ohio," and does not have authority to evict her. (*See id.* at 4). Defendant complains that the Middletown Municipal court has made "questionable" rulings such as failing to accept her counterclaims, and that this federal court is better suited to address her civil rights claims.

In December 2020, Defendant alleges that she filed "several" administrative complaints with the U.S. Department of Housing and Urban Development ("HUD") against the property owner for alleged discriminatory housing practices. She alleges that she later amended her HUD charge to include retaliation based upon the pending eviction proceeding. (*Id.* at 6). In addition, Defendant states that she moved to stay the eviction based upon a CDC Declaration order that Defendant believes should apply to her as an individual at risk of contracting Covid-19. Defendant asserts that a state court deputy clerk made "discouraging" and "intimidating" remarks to her about the likelihood of success. (*Id.* at 6-7). Based upon those remarks, which Defendant alleges occurred after consultation with the assigned judicial official, Defendant maintains that the state court made "a questionable pre-determined ruling… in favor of the 'white' Plaintiff" and

adverse to Defendant "as a result of her ethnicity, race and economic status." (*Id.* at 8). Defendant states that she has filed an Affidavit of Disqualification directed to disqualifying the state court judge, based in part on various rulings made by that court. (*Id.* at 8-9).

Defendant argues that federal jurisdiction exists because Defendant's counterclaims fall under the Fair Housing Law, and because Defendant believes Plaintiff to be operating under a fictitious name. (*Id.* at 11). Defendant further argues that the action is removable "because the state court cannot make a fair ruling over federal matters," and "because the Defendant is the targeted victim of several civil rights violations brought on by the Plaintiff." (*Id.* at 11). Last, Plaintiff asserts this Court should assume jurisdiction because the damages that Defendant seeks in her counterclaim exceed the damages permitted under state law in Middletown Municipal Court.

**II.     Analysis**

The removal statute, 28 U.S.C. § 1441, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant carries the burden of showing that removal is proper and that this Court has original jurisdiction. *See Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806,

3

810 (6th Cir. 2015); *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). Where jurisdiction is in doubt, the matter should be remanded to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

There is absolutely no basis for federal jurisdiction in this case. Defendant insists that federal question jurisdiction exists.[2] However, the state court complaint attached to the notice of removal does not show that this case arises under the Constitution or laws of the United States, as would provide jurisdiction under 28 U.S.C. §1331. *See, generally Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Defendant appears to sincerely believe that the eviction violates her civil rights, including rights under the CDC order and/or relating to her HUD complaint(s) or the Fair Housing Act. However, under the "well-pleaded complaint" rule, it is the Plaintiff who is master of its claim. A plaintiff may avoid federal removal jurisdiction by exclusive reliance on state law. *See Caterpillar, Inc. v. Lewis*, 519 U.S. at 68. Here, Plaintiff's state court complaint exclusively relies upon state law remedies and does not implicate any federal laws.

The removal statute is strictly construed. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Contrary to Defendant's belief, the assertion of a federal defense or counterclaim by Defendant is insufficient as a matter of law to support removal jurisdiction. *See generally Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (foreclosure of mortgage under state law raises no federal issue,

---

[2]Defendant does not argue that diversity jurisdiction exists, as she concedes that both she and Plaintiff are residents of Ohio. (Doc. 1-3 at 15).

plaintiff's "reliance upon federal regulations in his defense notwithstanding."); *accord*, *Crosscreek, LLC v. Bell*, 2019 WL 3628743, at *1 (S.D. Ohio July 15, 2019) (dismissing state law eviction case improperly removed by defendant from state court). As with her federal "civil rights" claims, Defendant's attempt to invoke federal question jurisdiction under the CDC Order or the CARES Act fails, because that too is merely a "'substantive federal defense to a state-law claim [which does] not raise a federal question.'" *JLL Properties LLC v. Ward*, 2021 WL 784324, at *2 (W.D.Ky. March 1, 2021) (rejecting improperly removed eviction proceeding that cited CARES Act, quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (additional internal citations omitted)).

Because Defendant proceeds pro se, she may not fully appreciate the strict limitations of federal question jurisdiction. To the extent that she seeks review of rulings made by the Middletown Municipal Court, her remedy lies in an appeal of those rulings in state court, and not in this Court. *See Shiltz v. Citimortgage Inc.*, 2015 WL 5971589, at *3 (S.D. Ohio Oct. 14, 2015) (holding that court lacked subject matter jurisdiction to review state court decision granting a foreclosure, since relief could not be granted without improper interference with the disposition of a state court proceeding).

### III. Conclusion and Recommendations

For the reasons explained above, it is **RECOMMENDED**:

1. Defendant's removal petition should be **DENIED** for lack of subject matter jurisdiction, and this improperly removed case should be **REMANDED** to the Middletown Municipal Court. *See* 28 U.S.C.

    §1447(c).

2.  Defendant's motion for leave to proceed *in forma pauperis* (Doc. 1) should be **DENIED**;

3.  Defendant's motion for an Ex parte Temporary Restraining Order (Doc. 2) also should be **DENIED**;

4.  The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Defendant leave to appeal *in forma pauperis*. Defendant remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

             *s/ Stephanie K. Bowman*
             Stephanie K. Bowman
             United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UFM REALTY CORPORATION, | Case No. 1:21-cv-150 |
| Plaintiff, | |
| | Black, J. |
| v. | Bowman, M.J. |
| RASHAWNDA MATTHEWS, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).